IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | |
|---|---|
| SCOTT HOWELL d/b/a ) | |
| MAYFIELD GROCERY, ) | |
| ) | |
| ) | |
|        PLAINTIFF, ) | |
| ) | |
| V. ) | NO:  1:08-cv-01291-JDB-egb |
| ) | |
| ) | |
| NAUTILUS INSURANCE COMPANY ) | |
| and TOM CROSS ) | |
| ) | |
| ) | |
|        DEFENDANTS. ) | |

REPORT AND RECOMMENDATION ON PLAINTIFF'S MOTION
TO REMAND AND DEFENDANTS' MOTIONS TO DISMISS

Before the Court are Defendants' Motions to Dismiss (D.E. 3 and 20) and Plaintiff Scott Howell d/b/a Mayfield Grocery's Motion to Remand (D.E. 4). The Motions were referred to the Magistrate Judge for a Report and Recommendation.  For the reasons set forth below, the Magistrate Judge recommends that the Motion to Remand be granted and the Motions to Dismiss be taken up in state court.

PROCEDURAL BACKGROUND

Plaintiff Scott Howell d/b/a Mayfield Grocery ("Plaintiff") filed his Complaint against Defendants in the Circuit Court of Hardeman County, Tennessee at Bolivar on October 20, 2008, alleging breach of contract, bad faith and violation of the Tennessee Consumer Protection Act ("TCPA") in connection with a dispute as to the amount of insurance money due to Plaintiff from a fire and theft loss that occurred at Plaintiff's property in December 2007.  Defendant

Nautilus Insurance Company ("Defendant Nautilus") is a foreign corporation engaged in business in the State of Tennessee and Defendant Tom Cross ("Defendant Cross") is an insurance claims adjustor with his principal place of business in Shelby County, Tennessee.

On November 25, 2008, Defendants filed their Notice of Removal pursuant to 28 U.S.C. §1441. The following day, Defendant Nautilus filed its Motion to Dismiss Defendant Cross (D.E. 3). The basis of the Motion is that Plaintiff cannot state a claim against Defendant Cross under the TCPA and thus he was fraudulently joined to destroy diversity.

On December 17, 2008, Plaintiff filed a Motion to Remand and Response in Opposition to Motion to Dismiss (D.E. 4). Plaintiff asserted that Defendant Cross was properly joined as a party, that the TCPA applies to Defendant Cross' actions in adjusting the claim, and that because Defendant Cross is a non-diverse party the case must be remanded to state court. After Defendants filed their Answer to the Complaint on January 23, 2009, Plaintiff filed his Motion to Amend on January 29, 2009.

This Court granted Plaintiff's Motion to Amend on April 27, 2009 and gave Defendants the opportunity to re-file a Motion to Dismiss. After Plaintiff amended his Complaint, Defendants then filed their Motion to Dismiss Defendant Cross on essentially the same grounds as Defendant Nautilus' original Motion to Dismiss.

FACTUAL BACKGROUND

Plaintiff, Scott Howell, is a resident of Hardeman County, TN and owner of the property at issue, Mayfield Grocery in Bolivar, TN.  Defendant Nautilus, a foreign corporation that engages in insurance business in the State of Tennessee, insured Plaintiff's property against damage from fire and theft loss.  Defendant Cross is the insurance adjuster retained by Defendant

Nautilus to investigate Plaintiff's claims. Defendant Cross is a resident and citizen of the State of Tennessee who maintains his principal place of business in Shelby County, Tennessee.

Plaintiff filed two separate claims on this policy: fire loss from damage that occurred on or about December 20, 2007, and a theft loss that occurred on December 26, 2007. Defendant Nautilus then retained Defendant Cross to adjust the claim. While Plaintiff's Amended Complaint alleges several causes of action against Defendant Nautilus, with regard to Defendant Cross, the Amended Complaint alleges a claim for violations of the TCPA only. Plaintiff's allegations against Defendant Cross include: unfair and deceptive acts for refusing to consider repair quotes and claims of the theft loss, advising Plaintiff that he "threw away" a repair estimate, gross negligence in adjusting the claim, advising Plaintiff to reduce property value of damaged items to "cash value" and then fraudulently and deceptively depreciating the items further, and an unfair delay to adjust the claim resulting in a loss of the property to foreclosure.

## ANALYSIS

If the Court decides that under Tennessee law Plaintiff may reasonably state a claim against Defendant Cross under the TCPA, Plaintiff's Motion to Remand should be granted due to a lack of diversity of the parties. Before the Court can determine the merits of Defendants' Motions to Dismiss, it must first determine whether subject matter jurisdiction exists.

A. Jurisdictional Analysis

Civil actions filed in a state court may be removed by any defendant to federal district court if the federal court possesses original jurisdiction. 28 U.S.C. § 1441(a). In this case, there is no federal question, and Plaintiff and Defendant Cross are both citizens of Tennessee, which means complete diversity does not exist and prevents the case from being removed to federal court unless a claim of fraudulent joinder is proven. *See* 28 U.S.C. § 1332(a)(1). Defendants

argue that Defendant Cross was fraudulently joined to allow the civil action to be filed in state court.

The Sixth Circuit recognizes that fraudulent joinder provides an exception to complete diversity cases; however, the defendant has the burden to provide sufficient evidence that the plaintiff clearly cannot state a reasonable cause of action under state law against the defendant. *Sainaam v. Am. Nat'l Prop. & Cas. Co.*, No. 08-1149, 2008 W.L. 4346679, *2 (W.D. Tenn. 2008) (quoting *Coyne ex rel. Ohio v. Am. Tobacco Co.*, 183 F.3d 488, 493 (6th Cir.1999); *Alexander v. Elec. Data Sys. Corp.*, 13 F.3d 940, 949 (6th Cir.1994)). Furthermore, if there is arguably any reasonable basis for predicting that the state law will find in favor of the plaintiff then "all doubts as to the propriety of removal are resolved in favor of remand." *Alexander*, 13 F.3d at 949. It does not matter what the motive of the plaintiff is for filing a claim against the defendant to get into state court, so long as there is a "colorable basis for predicting that the plaintiff may recover." *Jerome-Duncan, Inc. v. Auto-By-Tel, L.L.C.*, 176 F.3d 904, 907 (6th Cir.1999).

This Court has recently ruled on a similar case involving the TCPA and a Motion to Dismiss for fraudulent joinder. *See Sainaam*, No. 08-1149, 2008 W.L. 4346679 (W.D. Tenn. 2008). In that case the Court noted that a finding of fraudulent joinder not only requires that there be no arguably reasonable basis for predicting that state law might impose liability on the facts involved, but also that the lack of a cause of action is obvious according to the settled decisions of laws of the state. *Id.* citing *Ennis v. Queen Ins. Co.*, 364 F.Supp. 964, 966-67 (W.D.Tenn. 1973).

Because Plaintiff's claims are based on state law the court must look to Tennessee law to determine whether Defendant Cross was fraudulently joined. *Id.* The Court must decide

whether Plaintiff may reasonably state a cause of action against Defendant Cross under the Tennessee Consumer Protection Act. If Plaintiff maintains a reasonable claim under state law, the case should be remanded back to state court for litigation. If Plaintiff fails to state a reasonable claim under state law, Defendants' Motion to Dismiss Defendant Cross for failure to state a claim should be granted and, because diversity jurisdiction would exist, the action should remain in federal court.

      B.   <u>The Tennessee Consumer Protection Act</u>

Defendants argue that their Motion to Dismiss should be granted because Plaintiff fails to state a cause of action under the TCPA. (D.E. 24, p.4). The Tennessee Supreme Court, however, has mandated that the TCPA "must be liberally construed" to protect consumers. *Gaston v. Tenn. Farmers Mut. Ins. Co.*, 120 S.W.3d 815, 822 (Tenn. 2003). Broadly construing the act, Tennessee courts interpret it as an additional remedy beyond common law fraud established to protect consumers. *Tucker v. Sierra Builders*, 180 S.W.3d 109, 115 (Tenn.Ct.App.2005) (stating "misrepresentations that would not be actionable under common law fraud may nevertheless be actionable under the provisions"). A defendant's conduct does not have to be willful to be actionable, but merely resulting from unfair or deceptive business practices. *Id.*

The Tennessee Supreme Court has found that the TCPA applies to the insurance industry, and it "specifically provides a private right of action for any '[u]nfair or deceptive acts or practices affecting the conduct of any trade or commerce.'" *Myint v. AllState Ins. Co.*, 970 S.W.2d 920, 925 (Tenn. 1998) (citing Tenn. Code Ann. §§ 47-18-104(a) & -109(a)(1)). Furthermore, agents acting on behalf of an insurance company may be individually liable under Tennessee state law. *Sainaam*, 2008 W.L. 4346679, *5 (citing *Johnson v. LeBonheur Children's*

5

*Med. Ctr.*, 74 S.W.3d 338, 345-46 (Tenn. 2005). In *Sainaam*, the plaintiff accused the defendant, an insurance agent, of failing to correctly process his insurance application, failing to submit all of his paperwork, and unfair and deceptive claims practice. *Id.* The Court found that, while the insurance agent could not be liable for the claim assessment because he was not a part of the decision, he could be liable under the TCPA for his negligent acts in the application process. *Id.*

Defendant Cross argues that Plaintiff may not state a claim because he provided a service to Defendant Nautilus and not Plaintiff. (D.E. 24, p. 2). However, the term "services" is defined by the TCPA as "work, labor, or services *including services furnished in connection* with the sale or repair of goods or real property or improvements thereto[.]" Tenn. Code Ann. § 47-18-103(10) (emphasis added). Rather than the narrow definition of service Defendants urge the Court to entertain, the statute's broad definition of service contemplates services rendered by agents and adjusters, who work in connection with insurance companies.

Tennessee law allows recovery for any reasonably foreseeable plaintiffs. *See West v. E. Tenn. Pioneer Oil Co.*, 172 S.W.3d 545, 550 (Tenn. 2005). It is reasonably foreseeable that Defendant Cross' alleged actions would result in financial loss for Plaintiff. Plaintiff's Amended Complaint alleges that Defendant Cross, *inter alia*, destroyed estimates providing support for Plaintiff's claim, advised Plaintiff to reduce property value of damaged items to "cash value" and then fraudulently and deceptively depreciated the items further, resulting in "double depreciation," and unfairly delayed adjusting the claim resulting in a loss of the property to foreclosure. (D.E. 19 at ¶¶ 31-32). On these facts, there is an arguably reasonable basis for predicting that state law might impose liability; also, it cannot be said that Tennessee caselaw is

settled indicating the obvious lack of a cause of action. Accordingly, remanding this lawsuit to state court is appropriate.

## CONCLUSION

In summary, the Magistrate finds that Defendants have failed to present sufficient evidence clearly showing "that there can be no recovery under the law of [Tennessee] on the cause alleged or on the facts in view of the law," and that the Plaintiff's complaint provides an "arguably ... reasonable basis for predicting that" the TCPA might support a claim against Defendant Cross. *Alexander,* 13 F.3d at 949. Because Defendants have failed to establish that Defendant Cross was fraudulently joined, this suit lacks complete diversity, and subject matter jurisdiction under § 1332 is improper. Thus, the Magistrate Judge recommends that Plaintiff's Motion to Remand be granted (D.E. 4) and that Defendants' Motions to Dismiss (Doc. 3 and 20) be decided by the state court judge, as this Court has no jurisdiction to decide them.

Respectfully submitted,

**s/ Edward G. Bryant**
EDWARD G. BRYANT
United States Magistrate Judge

**June 16, 2009**
Date

## NOTICE

**ANY OBJECTIONS OR EXCEPTIONS TO THIS REPORT MUST BE FILED WITHIN TEN (10) DAYS AFTER BEING SERVED WITH A COPY OF THE REPORT. 28 U.S.C. § 636(b)(1)(C). FAILURE TO FILE THEM WITHIN TEN (10) DAYS MAY CONSTITUTE A WAIVER OF OBJECTIONS, EXCEPTIONS, AND ANY FURTHER APPEAL.**